LUDGATE, J.,
On July 24, 1990, this court entered an order granting defendant’s petition to dismiss the Commonwealth’s criminal complaint against defendant. An appeal was timely filed by the Commonwealth and this opinion is written pursuant to Rule 1925(b), Pa.R.A.P. and in support of that order.
On August 16, 1990, in accordance with Rule 1925(b) Pa.R.A.P., this court entered an order directing that the Commonwealth file a concise statement of matters complained of on appeal. In its concise statement, the Commonwealth contends solely that “the trial court erred in determining the summary charge to which the defendant pled guilty at the district justice level, this was based on the same conduct as the driving under the influence charge that was therefore dismissed on double jeopardy grounds.”
This court remains unenlightened as to the Commonwealth’s argument on appeal. However, based on the Commonwealth’s memorandum of law, it appears to be that their argument may be that the conduct being used by the Commonwealth to prove the charge of driving under the influence of alcohol, was not the same conduct for which defendant has been previously prosecuted. The Commonwealth also may argue, as it did in its memorandum, that defendant has waived the double jeopardy argument by failing to raise it in defendant’s omnibus pretrial motion.
*252 The double jeopardy clause of the declaration of rights of the Pennsylvania Constitution states that “no person shall, for the same offense, be twice put in jeopardy of life and limb. . .” Pa. Const., art. I, §10. The double jeopardy clause of the Fifth Amendment of the United States Constitution states that “nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.” U.S. Const., amend. V. The double jeopardy clause of the Fifth Amendment of the United States Constitution is enforceable against the states through the 14th Amendment. Benton v. Maryland, 395 U.S. 784, 794, 23 L.Ed. 2d 207, 89 S.Ct. 2056 (1969). The Superior Court held in Commonwealth v. Simons, 342 Pa. Super. 281, 492 A.2d 1119 (1985), that “the double jeopardy protections afforded by the federal and state constitutions generally are said to be co-extensive . . . and our state courts adopt the approach of the United States Supreme Court in double jeopardy cases.” Id. (citations omitted), citing Commonwealth v. Beaver, 317 Pa. Super. 88, 463 A.2d 1097 (1983).
The order granting defendant’s petition to dismiss was entered on July 24, 1990, after a hearing and argument was held on July 16, 1990. The order was issued pursuant to the U.S. Supreme Court’s recent decision in Grady v. Corbin, 495 U.S. _ , 109 L.Ed. 2d 548 (1990). In Grady, the U.S. Supreme Court held that “the double jeopardy clause bars a subsequent prosecution, if to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” Id.
The Commonwealth states, in what purports to be a memorandum in support of their position in this matter, that “the court must determine in every *253 case, based on the procedural history of that case, whether a defendant has waived his double jeopardy rights.” Therefore, the Commonwealth’s position would be that defendant waived the double jeopardy claim. However, the Superior Court stated in Commonwealth v. Nixon, 288 Pa. Super. 78, 431 A.2d 296 (1981), that “failure to raise an issue in a prior proceeding is not a waiver, when the legal principles upon which the issue is premised, are newly announced in an appellate decision rendered subsequent to the date of the prior proceeding.” Id., quoting Commonwealth v. Simon, 446 Pa. 215, 285 A.2d 861 (1971). As the double jeopardy claim is based upon a legal principle announced in an appellate decision rendered after the date of the omnibus pretrial proceeding, the issue was not waived and this court properly considered the petition.
The Commonwealth further argues that this court erred in granting defendant’s petition to dismiss the complaint on double jeopardy grounds. As previously stated, the test established in Grady v. Corbin is whether, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which defendant has already been prosecuted. The issue remains whether the disposition of the summary offense amounts to prosecution of that conduct and thus, has placed defendant in jeopardy, and the present driving under the influence prosecution would place defendant twice in jeopardy for the same conduct.
The Commonwealth and defendant agreed that the court would consider defendant’s petition to dismiss, based upon stipulated facts. By that same stipulation, no further testimony was taken.
“The Court: So then on December 17th, this occurred. He was stopped by the Officer Steven *254 Chieffo, a 0.26 was obtained from him, his blood alcohol. December the 18th a summons was issued for reckless driving, served upon him by registered mail. He went into the D.J. — Wagonseller?
“Mr. Hracho: That’s correct, Judge.
“The Court: — Wagonseller’s office, he pled guilty and paid the fines and costs for that summary offense of reckless driving before he got the — was served with the charges of driving under the influence of alcohol.
“Mr. Hracho: That’s correct, Judge. The citation number was A-268620, charging a violation of section 3714 of the Motor Vehicle Code, reckless driving. The description of the offense is that the, quote, above defendant did drive said motor vehicle in reckless disregard for persons and property.
“The Court: And if we could have that citation number.
“Mr. Hracho: A-268620.
“The Court: I think it would be helpful if we could have a copy of that entered by agreement into the record. I think that that’s important. With that having been entered, I think at this point, gentlemen, would it be your position that I can hear — make a decision on this case without having any further testimony?
“Mr. Hracho: I believe so, Your Honor, yes.
“Mr. Coleman: Yes, Your Honor.
“The Court: And since the officer is here, I’d like to be certain this all occurred in the same instance?
“The Prosecutor: Yes.” (N.T. at 5-6.)
The facts are that defendant was stopped by Officer Steven Chieffo of the Oley Township Police Department on or about December 17, 1989, at approximately 1:57 a.m. The officer stopped defendant’s vehicle after observing the vehicle being driven in an erratic manner, and not staying within *255 the lane. This is according to the probable cause statement which was attached to the criminal complaint. Defendant was issued a citation, for reckless driving in violation of 75 Pa.C.S. §3714, on December 18, 1989. The officer also requested that a summons be issued for defendant’s arrest, charging him with driving under the influence of alcohol, 75 Pa.C.S. §3731(a)(l), in that defendant drove his motor vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving; and under 75 Pa.C.S. §3731(a)(4), charging defendant with driving under the influence of alcohol, in that he drove his motor vehicle while the amount of alcohol in his blood was 0.10 percent or greater.
In a driving under the influence of alcohol prosecution, the essential elements which the Commonwealth must prove are that defendant did drive or operate his motor vehicle while under the influence of alcohol, to a degree which rendered him incapable of safe driving, in violation of section 3731(a)(1) of the Vehicle Code; or in the alternative, that defendant did drive or operate his motor vehicle while the amount of alcohol by weight in his blood was 0.10 percent or greater, in violation of section 3731(a)(4) of the Vehicle Code. Therefore, the Commonwealth must prove that defendant drove his motor vehicle while under the influence of alcohol, either to a degree which would render him incapable of safe driving or while the amount of alcohol in his blood was greater than 0.10 percent.
The Commonwealth may argue that they should be able to prosecute defendant on the section 3731(a)(4) count alone. That avoids the issue of how the car appeared on the highway in the first place. The car appeared and was observed by an officer driving in an erratic manner and the driver of the *256 automobile was prosecuted and pled guilty to the offense of reckless driving. The Commonwealth misplaces its argument by asserting that if the jury is not aware that defendant was tried for reckless driving, that somehow does not affect defendant’s substantive rights under the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania. The double jeopardy issue is based upon defendant’s constitutional rights, not the Commonwealth’s ability to try a case without the jury having all of the information available. This is not a suppression issue. This is a substantive constitutional issue and the Commonwealth’s argument is without merit.
In Grady the Supreme Court relied upon the fact that the prosecutor had filed a bill of particulars which stated that it would prove the entirety of the conduct for which Corbin had been convicted, that is, driving while intoxicated and failing to keep right of the median, to establish the essential elements of the homicide and assault charges which were involved in that case. In the instant case, the probable cause which was issued states in pertinent part that, “[T]his officer observed the vehicle being driven in an erratic manor [sic] not being able to stay within his lane.” The conduct which the Commonwealth will use to prove that defendant was unable to operate his motor vehicle safely, is that defendant drove in an erratic manner, which is a summary offense to which defendant has previously entered a guilty plea and paid the fine. The fact that no bill of particulars was filed in this case does not affect the application of the test adopted in Grady v. Corbin, as the Supreme Court stated in a footnote “[application of the test we adopt today, will not depend, as Justice Scalia’s dissent argues, on whether the indictment ‘happens to show that the same evidence is *257 at issue’ or whether the jurisdiction ‘happen[s] to require the prosecution to submit a bill of particulars that cannot be exceeded.’ ” Grady, supra, at n.14.
For the above-mentioned reasons, we affirm our prior order dismissing the complaint and respectfully urge that the appeal be denied.